UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELIZABETH GRANT and GRACE GRANT,

                Plaintiffs,

-against-

BROOKLYN VETERANS HOSPITAL;
EDMOND GRANT,

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-4875 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On or about August 18, 2019, plaintiff Elizabeth Grant ("Grant"), an inmate on Rikers Island, commenced this *pro se* civil rights action on behalf of herself and her mother, Grace Grant, seeking "restitution" for the death of her father from defendants Brooklyn Veterans Hospital (the "Hospital") and her brother, Edmond Grant. Grant may proceed *in forma pauperis*, but she must pay the filing fee in monthly installments deducted from her prison trust fund account as required by 28 U.S.C. § 1915(b)(1). However, for the reasons stated below, the action is dismissed with prejudice.

## BACKGROUND

The following facts are drawn from a partially legible form complaint, the allegations of which are assumed to be true for purposes of this memorandum and order. The complaint principally alleges that Grant's father was mistreated during his hospitalization at the Hospital in January and February 2016. (Compl. (Doc. No. 1) at ¶ II.) According to Grant, Hospital staff put in an IV improperly, causing his arm to turn purple; did not allow him to eat anything but hospital food, which tasted so bad that he quit eating; and allowed him to have as many painkillers as he

wanted. In addition, although Grant was named in a health care proxy, social workers at the Hospital refused to talk to Grant while her father was still alive. (*Id.*)

With respect to Edmond Grant, the complaint implies a defamation claim, alleging that he told the staff that Grant was "incompetent" and thereby caused them not to speak to her. (*Id.*) The complaint further alleges that her brother also "signed off" on her father's Do Not Resuscitate ("DNR") order. (*Id.*) Grant's father eventually died, though the complaint does not allege when he died or whether defendants' action contributed to his death. Grant attempts to explain the delay in commencing this action by stating that, although defendants' actions "bothered [her] for months," she "wasn't sure [of] the route to get to sue the hospital." (*Id.*)

Grant alleges that her "life has been destroyed by the loss" of her father. (*Id.* at ¶ III.) She principally seeks "restitution." (*Id.*)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court must screen a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Similarly, under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any action filed *in forma pauperis* if the court determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."

In determining whether a complaint fails to state a claim, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In addition, *pro se* complaints must be held to less stringent standards than pleadings

2

drafted by attorneys; a court is required to read a *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). However, even a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## DISCUSSION

I. Grace Grant

Preliminarily, the Court notes that the complaint is signed only by Grant and not by her mother, Grace. Rule 11(a) of the Federal Rules of Civil Procedure requires that a pleading be signed "by a party personally if the party is unrepresented." Although the complaint is signed by Grant, a *pro se* litigant cannot represent anyone other than herself, not even her own relatives. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Accordingly, any claims brought by Grace Grant or by Elizabeth Grant on behalf of her mother are dismissed.

II. Section 1983

Grant brings this action pursuant 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). "[T]wo essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

Grant's complaint does not, and cannot, allege a § 1983 claim against defendants. First, the Court will take judicial notice of the fact that veterans' hospitals are operated by the U.S. Department of Veterans Affairs, a federal agency. *See Carelock v. United States*, No. 14-CV-

3

3594 (RA), 2015 WL 5000816, at *4 (S.D.N.Y. Aug. 20, 2015). The Second Circuit has "has long construed the phrase 'under color of state law' as used in ... 42 U.S.C. § 1983 ... to apply only to state actors," not federal agencies or federal employees. *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) (citing *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991) (holding that "[a]n action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers")). Moreover, the doctrine of sovereign immunity bars § 1983 claims against federal agencies and federal employees sued in their official capacities. *See Forjone v. Dep't of Motor Vehicles*, No. 19-CV-578 (DRH), 2019 WL 5684437, at *6 (N.D.N.Y. Nov. 1, 2019) (citing *Olmeda v. Babbits*, No. 07-CV-2140 (NRB), 2008 WL 282122, at *5 (S.D.N.Y. Jan. 25, 2008)).

Even if the Hospital were a state actor, Grant's allegations do not make out a violation of federal constitutional or statutory rights. At most, Grant is alleging medical malpractice, which is a form of negligence. However, "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")). Moreover, Grant does not suggest that the Hospital employees' actions violated a federal statute. Accordingly, Grant has failed to state a § 1983 claim against the Hospital.

The complaint also does not allege facts to suggest that Edmond Grant acted under color of state law or violated Grant's federal constitutional or statutory rights. First, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). To be sure, a "private entity can qualify as a state actor in a few limited circumstances – including, for example, (i) when the private entity performs a traditional, exclusive public function, ... (ii) when the government compels the private entity to take a particular action, or (iii) when the government acts jointly with the private entity

4

…." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (internal citations omitted). However, nothing in the complaint suggests that any such circumstances exist in this case. Edmond Grant was not performing a public function, and there is no suggestion that he was compelled to act by, or was acting jointly with, any state entity. Second, there is nothing in the complaint to suggest that his actions in "signing off" on his father's DNR order violated Grant's federal constitutional or statutory rights. Accordingly, Grant has not stated a § 1983 claim against her brother.

III. Leave to Amend

"A district court should not dismiss a *pro se* complaint without granting at least one opportunity to amend 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Williams v. Bronx Cty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 856 (2d Cir. 2018) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Nonetheless, a court is under no obligation to grant leave to amend "if it determines the amendments would be futile." *Id.*

There is nothing in Grant's complaint suggesting that a valid federal claim can be stated. Better pleading will not cure the problems with her § 1983 claims. At one point, Grant might have been able to bring a medical malpractice claim against the Hospital under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* However, 28 U.S.C. § 2401(b) requires that such a tort claim be "presented in writing to the appropriate Federal agency within two years after such claim accrues," and compliance with § 2401(b)'s requirements is a prerequisite to filing an action under the FTCA. *See* 28 U.S.C. § 2675(a). Nothing in the complaint suggests that Grant ever filed an administrative tort claim, much less filed such a claim within the two years after her claims accrued. To the contrary, Grant's admission that she delayed filing this action because she "wasn't sure [of] the route to get to sue the hospital," (Compl. at ¶ II), strongly suggests that she did not timely file an administrative claim.

5

Similarly, while the facts alleged in the complaint suggest that Grant might have a defamation claim against her brother for telling Hospital employees that she was "incompetent," that is not a federal claim and is time-barred. Defamation is a state-law claim which, in New York, must be brought within one year of the libel or slander. *See* N.Y. C.P.L.R. § 215(3) (McKinney 2019). Since Grant alleges that the actions giving rise to this action occurred in early 2016, it is too late to bring a defamation claim arising from those actions.

## CONCLUSION

For the reasons stated above, this § 1983 action is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii). Since there is nothing in the complaint to suggest that Grant can amend the complaint to allege a viable federal claim against these defendants, leave to amend is denied. *See Cuoco*, 222 F.3d at 112. The Clerk of Court is respectfully directed to enter judgment in favor of defendants, to mail a copy of the judgment and this order to plaintiff Elizabeth Grant, to note that mailing on the docket sheet, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       Nov 21, 2019

s/Roslynn R. Mauskopf
_____
ROSLYNN. R. MAUSKOPF
United States District Judge